UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CASE NO:   3:23CV-281-BJB

SHIRLEY BARNES
811 INVERNESS AVENUE
LOUISVILLE, KENTUCKY 40214                                                                PLAINTIFF

V.                                             **COMPLAINT**

WHATEVER IT TAKES TRANSMISSION & PARTS, INC
4282 E. BLUELICK ROAD
LOUISVILLE, KY 40229                                                                      DEFENDANT
(as both employer and plan administrator)

    SERVE:

        CAPITOL CORPORATE SERVICES, INC
        828 LANE ALLEN ROAD, SUITE 219
        LEXINGTON, KENTUCKY 40504

COMPLAINT

    Comes now Shirley Barnes, by counsel, and for her complaint, states as follows:

1. Jurisdiction and venue are appropriate in the United States District Court, Western District of Kentucky, at Louisville, because the Plaintiff currently resides in Louisville, the Defendant exists in Bullitt County, and the federal courts have jurisdiction over Family Medical Leave Act claims and the Employment Retirement Income Retirement Act of 1974.

2.    At all relevant times Shirley Barnes was employed by Whatever It Takes Transmission & Parts, Inc.  (Herinafter "WIT").

3.    WIT is an "employer" within the meaning of the Family Medical Leave Act (FMLA).

4.    During her employment with WIT, Barnes was an "eligible employee" within the meaning of the FMLA.

5. During her employment with WIT, Barnes, as employee, participated in an Employment Stock Ownership Plan ("ESOP").

6. On or around July 28, 2022, Barnes felt ill and went to a doctor. After arriving at the doctor's office, tests were performed, and Barnes was informed she was having a traumatic heart event. From there she was transported to Louisville by ambulance, and had heart surgery that day or the day after. She received no "return to work" authorization by her physician until late October, 2022, but was authorized to return to work within 12 weeks of the medical event and surgery.

7. At the time of the events noted in Paragraph 6, Barnes, and her daughter, contacted WIT to advise it that Barnes had suffered a traumatic heart event, had or would be having heart surgery immediately, and would not be returning to work at WIT until well after the surgery.

8. On 9/12/2022, well prior to Barnes's doctor OKing her return to work following surgery, yet knowing that Barnes was off work from surgery and had 12 weeks to be off from work under the FMLA, WIT fired Barnes for exceeding what WIT described as a 4 week justified leave policy. WIT knew, constructively knew, and or should have known that Barnes was exercising her right to 12 weeks off work under FEMA, when she advised WIT that she was undergoing heart surgery for a traumatic heart event.

9. Barnes had worked for WIT for a number of years, any by a statement dated December 2021, had approximately $24,000.00 accumulated in her ESOP program. Following her termination, Barnes demanded that savings be liquidated and returned to her, through WIT's counsel, and WIT has hitherto refused to return to her her ESOP contributions and or value, or allow her to roll over her ESOP into another IRS qualified retirement account.

10. Under section 107 of the FMLA, Barnes, and similarly placed Plaintiffs, has the right to bring a private civil action seeking attorney fees, reasonable expert witness fees, and costs, all to be paid by the defendant should the Plaintiff prevail. WIT can also, under the WIT, be liable to the Plaintiff for damages for lost wages, employment benefits and or compensation for lost pay due to a violation of section 105 of FMLA.

11. In refusing to deliver to the Plaintiff her ESOP savings, or, alternatively, allowing them to be rolled over into an IRA qualified retirement account, WIT has also violated the Employment Retirement Income Retirement Act of 1974 (ERISA).

WHEREFORE, the Plaintiff demands all available money damages available to her under FMLA and ERISA, her attorney fees, costs, expert witness fees, all other available damages and remedies including punitive and compensatory damages, pre and post judgment interest on any judgment. A bench trial is sought.

Respectfully submitted,

*Gregory Ward Butrum*
Gregory Ward Butrum, Attorney
101 N. 7th Street
Louisville, KY 40202
5023380201
gregorybutrum@gmail.com